IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NOAH SYSTEMS, INC.,

    Plaintiff/ Counter-defendant,

v.

INTUIT INC.,

    Defendant/ Counter-plaintiff .

06cv0933
Electronically Filed

**MEMORANDUM ORDER ADOPTING SPECIAL MASTER'S REPORT AND RECOMMENDATION AT (DOC. NO. 98); DENYING NOAH SYSTEMS, INC.'S MOTION FOR RECONSIDERATION (DOC. NO. 90); AND RULING ON RELATED MOTIONS (DOCS. NOS. 99 AND 104)**

Before the Court are Noah System Inc.'s Motion for Reconsideration, Inuit Inc.'s Motion to Adopt the Special Master's Report and Recommendation regarding the motion to reconsider, and Inuit Inc.'s Motion to Strike certain declarations upon which Noah relies. After careful considerations of the Special Master's Report and Recommendation, the several motions and the respective responses, the Court will adopt said Report and Recommendations for the reasons set forth below, and will enter appropriate Orders on these pending motions.

Motions for reconsideration are generally inappropriate and are only proper "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinterosh*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Although Noah does not identify whether its motion for reconsideration is made pursuant to Rule 59(e) or Rule 60(b), it is "the 'functional equivalent' of a Rule 59(e) motion to alter or amend" a judgment or order of court. *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986) (internal citation omitted). "A proper motion to alter or amend

judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *N.River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotation marks, brackets and citation omitted).

The Court finds that the Special Master did not commit a clear error of law or manifest injustice. Initially, Noah's argument is predicated on the assumption that the ruling of indefiniteness was a factual finding, which is not accurate. Rather, the Special Master's Recommendation and this Court's ruling on indefiniteness was made as a matter of law. See *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1376 (Fed.Cir. 2001) (recognizing the "multitude of recent authorities stating that indefiniteness is a question of law," and rejecting the patent owner's contention that issue of indefiniteness turns on an underlying factual dispute); *AllVoice Computing PLC v. Nuance Comm'ns, Inc.*, 504 F.3d 1236, 1240-41 (Fed.Cir. 2007) ("determination of the claimed function and corresponding structure of a means-plus-function claim limitation is a question of law, reviewed de novo.").

Moreover, the Court agrees with the Special Master that Intuit met its burden as to the legal issue, i.e., whether any structure was disclosed for the means-plus-function claims at issue by clear and convincing evidence. See *Apotex USA, Inc. v. Merck & Co., Inc.*, 254 F.3d 1031, 1036 (Fed.Cir. 2001). The Special Master's ruling on indefiniteness was based on his review of the specification and prosecution history of the '435 Patent set forth in the parties' written submittals to the Court and oral arguments, and his determination and recommendation that there is a lack of disclosure as to structure in connection with the subject claim terms. See *Aristocrat Techs. Australia Pty Ltd. V. Int'l. Game Tech.*, 521 F.3d 1328, 1337 (Fed.Cir. 2008).

Accordingly, the Court will deny Noah's Motion for Reconsideration, and rulings on the two other pending motions under consideration will follow suit.

**AND NOW**, this 11th day of August, 2010, **IT IS HEREBY ORDERED** that Noah Systems, Inc.'s Motion for Reconsideration (Doc. No. 90) is **DENIED**.

**IT IS FURTHER ORDERED** that Intuit Inc.'s Motion (Doc. No. 99) to Adopt Special Master Oberdick's Report and Recommendation (Doc. No. 98) is **GRANTED,** and that Intuit's Motion to Strike (Doc. No. 104) declarations offered by Noah in support of its Motion for Reconsideration is **DENIED** as moot.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: Special Master Oberdick
All ECF registered counsel